IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN R. TURK,

       Plaintiff,                      No. CIV S-00-1781 DFL DAD P

   vs.

D. PETERSON, et al.,

       Defendants.             ORDER

_____/

       On March 19, 2002, this action was dismissed without prejudice for failure to exhaust available administrative remedies prior to bringing the action on August 16, 2000. Plaintiff's appeal was dismissed on June 14, 2002. Before the court is plaintiff's motion to reopen or to proceed.

       Plaintiff suggests that this court did not consider the citizen's complaint he sent directly to the warden in 1999. Plaintiff is in error. The citizen's complaint was considered by the court. (See Findings & Recommendations filed Dec. 17, 2001, at 3-4, finding that plaintiff's citizen's complaint, in which he alleged criminal violations, did not raise the issues presented in this action and did not serve to exhaust available administrative remedies.)

       Plaintiff suggests next that he exhausted available administrative remedies by repeatedly resubmitting the same citizen's complaint that was rejected by prison officials in

1

1999. Attached to plaintiff's motion is a copy of a letter dated March 3, 2005, asking the appeals coordinator to log his 1997 citizen's complaint. Also attached is a copy of an appeal screening form dated March 22, 2005, rejecting the form as untimely. If plaintiff exhausted available administrative remedies after August 16, 2000, he may proceed only in an action filed after exhaustion was achieved.[1] Plaintiff will be provided with a copy of a civil rights complaint form and an in forma pauperis application.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 9, 2006 motion is denied; and

2. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form for use by a prisoner.

DATED: June 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
turk1781.mtr

---

[1] The court expresses no opinion on whether plaintiff has in fact exhausted available administrative remedies. Plaintiff is cautioned that the filing of a citizen's complaint under a California penal statute does not serve the same purpose as an inmate appeal and does not constitute exhaustion of available administrative remedies for California state prisoners since state law provides an inmate appeal system specifically for prisoners. See Sanchez v. Detention Officers of Kern Co. Sheriff's Lerdo Jail, No. 1:04-CV-05737-OWW, 2006 WL 403033, at *1 (E.D. Cal. Feb. 16, 2006); Townes v. Paule, 407 F. Supp. 2d 1210, 1218 (S.D. Cal. 2005); Ware v. Terhune, No. C01-1896CRB(PR), 2001 WL 680275, at *1 (N.D. Cal. June 6, 2001). Similarly, presentation of a claim to the State Board of Control does not serve to exhaust a prisoner's administrative remedies because the Board is not part of the prison appeal system. Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) ("Congress certainly intended to require prisoners to exhaust available administrative grievance procedures, [but] there is no indication that it intended prisoners also to exhaust state tort claim procedures."), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).

[2] Plaintiff is informed that the filing fee recently increased to $350.00.